**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1273

JAMES SMITH WHITLOCK, III,

              Plaintiff – Appellee,

        v.

JARED GREENLEE, in his individual capacity,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:10-cv-00958-CCE-JLW)

Submitted:  August 25, 2014       Decided:  September 11, 2014

Before SHEDD, DIAZ, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Dan M. Hartzog, Jr., Kari Russwurm Johnson, CRANFILL, SUMNER &
HARTZOG, LLP, Raleigh, North Carolina, for Appellant. James
Smith Whitlock, III, Appellee Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Smith Whitlock, III, filed this 42 U.S.C. § 1983 (2012) action against Jared Greenlee, alleging that, because there was no probable cause to support either a search of Whitlock's vehicle or his subsequent arrest, both the search and the arrest violated Whitlock's Fourth Amendment rights. Whitlock also raised related state law claims. Greenlee filed a motion for summary judgment based on qualified immunity. A magistrate judge recommended granting the motion with respect to the state law claims but denying it with respect to the Fourth Amendment claims. Over Greenlee's objections, the district court adopted the report, denying the summary judgment motion in part and granting it in part. Greenlee noted a timely appeal.

This court may exercise jurisdiction over final decisions, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders. 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545 (1949). While interlocutory orders generally are not appealable, an order denying a claim of qualified immunity is immediately appealable under the collateral order doctrine "to the extent that it turns on an issue of law." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Iko v. Shreve, 535 F.3d 225, 234 (4th Cir. 2008). However, a district court's determination that a genuine issue of material fact exists so as to preclude

2

summary judgment on qualified immunity grounds is not immediately appealable. Johnson v. Jones, 515 U.S. 304, 313-20 (1995); Culosi v. Bullock, 596 F.3d 195, 201 (4th Cir. 2010).

Because the qualified immunity determination in this case turns on unresolved questions of fact, we dismiss the appeal for want of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED